1 IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-140-BO

| | | |
|---|---|---|
| LADREA KRYSTAL EVE DEARRYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NORTH CAROLINA RATE BUREAU, | ) | |
| | ) | |
| Defendant. | ) | |

This pro se case is before the court on a motion (D.E. 12) by plaintiff Ladrea Krystal Eve DeArrys ("plaintiff") for reconsideration of the court's 3 May 2012 Order (D.E. 11), which denied the appointment of counsel and allowed in part her request for an extension of deadlines in the court's Order for Discovery Plan (D.E. 9). The motion is supported by records relating to plaintiff's alleged disabilities (D.E. 12-1, -2).

As the court noted in its 3 May 2012 Order, there is no absolute right to appointment of counsel in civil cases and, instead, the court has the discretion to appoint counsel when the circumstances warrant such action. (*See* 3 May 2012 Order 1-2). The court finds that, at this point, the record does not establish that such circumstances exist.

Among other reasons, on 22 May 2012 the court sent plaintiff a letter (D.E. 11) inviting her to make a submission requesting representation through the court's pro bono panel. The deadline for plaintiff's submission is 6 June 2012. **Plaintiff is strongly encouraged to make a timely submission.** While submission of a request does not guarantee representation, if she does make a submission and her case is accepted for representation, the issue of appointing her counsel would

be moot. There is also an issue whether plaintiff's claimed disabilities would hinder her ability to a degree warranting appointment of counsel.

Consequently, plaintiff's motion for reconsideration is DENIED. She may file another motion for the appointment of counsel in the event she has additional information to present in support of her request.[1]

Plaintiff's request that the psychological records submitted in support of her motion for reconsideration remain under seal is ALLOWED. The Clerk shall retain the filings at Docket Entries 12-1 and 12-2 under permanent seal in accordance with Local Civil Rule 79.2, E.D.N.C.

To allow sufficient time for the pro bono panel process to run its course, the deadline for the Rule 26(f) meeting in the Order for Discovery Plan (D.E. 9) is hereby EXTENDED to 29 June 2012. The other deadlines in the Order for Discovery Plan, which run from the date the Rule 26(f) meeting is held, remain unchanged.

SO ORDERED, this 29th day of May 2012.

James E. Gates
United States Magistrate Judge

---

[1] If plaintiff does reapply for appointment, she should address expressly her efforts to retain counsel to represent her for a fee, as opposed to on a pro bono basis. Her statements to date focus on pro bono representation, presumably because she has been unable to find paid counsel. (*See* Pl.'s 25 Apr. 2012 Mot. (D.E. 10)). Nevertheless, the matter needs to be addressed expressly in any future motion for appointment.
    If in support of any subsequent motion for appointment plaintiff elects to submit psychological or similar records that she wishes to have sealed, she should follow the procedure under Local Civil Rule 79.2, E.D.N.C. Under that procedure, the documents would be submitted as proposed sealed documents. If the court ultimately denied the motion to permanently seal the documents, they would nonetheless remain under seal but would not be considered by the court. *See id.*(b)(3). Plaintiff may contact the Clerk's office if she has questions regarding the procedure for filing documents under seal.